Mᴏʀᴛɢᴀɢᴇs. *Valid exercise of power of sale. Presumption. Sale under power. Notice. Statutes.*

While ordinarily the presumption is to be indulged that the trustee did everything necessary for a valid exercise of the power of sale yet this presumption is destroyed where a defendant in ejectment claiming under a trustee's deed, affirmatively shows that the three weeks' notice of sale provided for under Code 1906, section 1607, was not given.

APPEAL from the circuit court of Perry county.

HON. J. M. ARNOLD, Judge.

Suit in ejectment by C. A. McSwain against Clark Young and another. From a judgment of defendants, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*N. C. & C. E. Hill,* for appellant.

*A. T. L. Watkins,* for appellee.

POTTER, J., delivered the opinion of the court.

C. A. McSwain filed a suit in ejectment against Clark Young and L. B. Hammond in the circuit court of Perry county for the possession of a certain tract of land situated in the said county. The appellant and the defendants in this suit claimed title from a common source, and it is conceded that the plaintiff was entitled to recover unless a certain trustee's deed under which the defendants claim is valid. The court below held the trustee's deed in question a valid deed and directed a verdict peremptorily for the defendants.

In the trial of this case the defendant introduced proof of three newspaper notices of sale under the deed of trust for the purpose of showing that the trustee advertised the land in question for three weeks. These notices show that the property was advertised in the Perry County News on July 3d, July 10th, and July 17th. There were three appearances of the notice. The sale was made on July 21st, but there was not three weeks between the first publication and the date of sale. Ordinarily the presumption is to be indulged that the trustee did everything necessary for a valid exercise of the power of sale, but in this case the defendant undertook to show in what manner the property in question was advertised under the deed of trust, and from his showing it appears affirmatively

that section 1607, providing for three weeks' notice of sale, had not been ·complied with, and the sale thereunder is void. *Tyler* v. *Herring,* 67 Miss; 172, 6 So. 840, 19 Am. St. Rep. 263; *Smith* v. *Kirkland,* 89 Miss. 647, 42 So. 285; *Wilczinski* v. *Watson,* 69 So. 1009.