# Vansant *v.* Dodds.

(Division B. Dec. 5, 1932. Suggestion of Error Overruled Jan. 16, 1933.)

[144 So. 688. No. 30257.]

(Division B.  Jan. 16, 1933.)

[145  So.  613.  No. 30257.]

For original opinion, see 144 So. 688.

**Wynn & Hafter,** of Greenville, for appellant.

**Percy Bell,** of Greenville, for appellee.

Argued orally by **Jerome S. Hafter,** for the appellant, and **Percy Bell,** for the appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant filed her bill in the chancery court of Washington county against appellee to cancel as a cloud upon appellant's title to the northeast quarter (N. E. ¼) of lot 6 of block 3 of the sixth addition of the city of Greenville in said county a constable's deed under an execution, dated October 27, 1924, from the court of a justice of the peace, conveying said lot to appellee and W. H. Neal. The cause was heard on bill, answer, and record and oral proofs, resulting in a final decree dismissing appellant's bill. From that decree, appellant prosecutes this appeal.

In 1922 appellee and W. H. Neal obtained a judgment in the court of a justice of the peace of Washington county against appellant in the sum of twenty-eight dollars and costs, by the terms of which a materialman's lien was fixed on the property here involved in favor of the plaintiffs. In 1924 an execution was issued on the judgment, and the property levied on and sold by Rowland, the constable. At the sale appellee and Neal, the plaintiffs in the judgment, bought the property at the sum of forty-eight dollars, and received a deed thereto from the constable in due form. Later Neal conveyed his interest in the property to appellee. In 1929 the appellee instituted a suit against appellant in the court of a justice of the peace, under section 2226, Code 1930, to remove appellant from the premises and for possession thereof by appellee. In this case judgment was taken by default in the court of the justice of the peace, and this judgment on appeal was affirmed by the county court. Pending this proceeding, the bill in this case was filed attacking the validity of the constable's deed on several grounds. We refer to only two of them, namely: First, that the judgment which was the basis of the constable's deed was procured by fraud; and, second, that the constable's sale is void because it was not advertised

for the time required by the statute. The view we take of these grounds renders it unnecessary to consider the others.

We think the evidence falls short of establishing the charge that the judgment was procured by fraud.

The other ground, that the sale under the constable's deed is void because it was not advertised for the time required by statute, we think was established. The last clause of section 3036, Code 1930, provides that the sale of lands under execution or other process from justice of the peace courts shall be made as under execution from the circuit courts, and section 3037, Code 1930, provides as follows: "Sales of land may be made on the first Monday of every month, or on the first Monday or Tuesday of a term of the circuit court of the county, and shall be advertised in a newspaper published in the county, once in each week for three successive weeks."

It will be noted that the last clause of this section provides that sales of lands shall be advertised in a newspaper published in the county once in each week for three successive weeks. Execution on the judgment was issued October 6, 1924, placed in the hands of the constable who levied on the property and advertised the sale in a newspaper, the advertisement appearing in the issues of October 10, October 17, and October 24, 1924, and the sale was made on October 27th thereafter. It appears, therefore, that less than three weeks elapsed between the first publication and the day of sale.

Section 1398, Code 1930, provides as follows: "When publication shall be required to be made in some newspaper 'for three weeks,' it shall be sufficient to publish once each week for three weeks, even though there be not three weeks between the first and last publication; but there must be three weeks between the first publication and the day for the appearance of the party or other thing for which the publication shall be made: and this rule shall furnish a guide for any similar case,

whether the time required be more or less than three weeks."

Section 3037, Code 1930, and the above section should be construed together, and, so construed, they mean that there had to be three weeks between the first publication of the notice and the day of the sale. McSwain v. Young, 111 Miss. 686, 72 So. 129. We conclude, therefore, that the sale was void, and the appellee got noth ing by the constable's deed, and therefore nothing by the deed from W. H. Neal.

Appellee contends, however, that the question of the validity of the constable's deed is res adjudicata; that that question was adjudicated between the parties in the proceeding instituted by appellee against appellant before the justice of the peace to get possession of the property. As above stated, there was a judgment by default in that case in appellee's favor, which was affirmed on appeal to the county court. It is clear from the record that this proceeding was begun and conducted under section 2226, Code 1930, which provides as follows:

"A tenant or lessee at will or at sufferance, or for part of a year, or for one or more years, of any houses, lands, or tenements, and the assigns, under-tenants, or legal representatives of such tenant or lessee, may be removed from the premises by the judge of the county court, any justice of the peace of the county, or by the mayor or police justice of any city, town, or village where the premises, or some part thereof, are situated, in the following cases, to-wit:

"First.—Where such tenant shall hold over and co tinue in possession of the demised premises, or any part thereof, after the expiration of his term, without the permission of the landlord.

"Second.—After any default in the payment of the rent pursuant to the agreement under which such premises are held, and when satisfaction of the rent cannot be obtained by distress of goods, and three days' notice,

in writing, requiring the payment of such rent or the possession of the premises, shall have been served by the person entitled to the rent on the person owing the same."

It could not have been an action of ejectment, because justice of the peace courts have no jurisdiction of such cases, and the record plainly demonstrates that it was not an action of unlawful entry and detainer. The question is whether, under the landlord and tenant statute, the validity of the constable's deed was, or could have been, conclusively adjudicated. We think this question should be answered in the negative. Wilson v. Peacock, 111 Miss. 116, 71 So. 296. The summary action provided by statute for the recovery of possession of land by landlord from his tenant is purely possessory, involving only the right to possession as between the landlord and tenant. The only issues are whether relation of landlord and tenant exist, and whether the tenant should or should not be dispossessed by reason of the existence or nonexistence of the statutory grounds authorizing the maintenance of the action. "Except insofar as they may be incidentally involved in showing the right of possession, questions of title are not involved and cannot be litigated or determined." 36 C. J., par. 1804, p. 623. And where incidentally involved there can be no conclusive adjudication of title in this summary proceeding. It is not a proceeding to try title primarily. It is a possessory action alone between landlord and tenant. Where title is involved as an incident, the statute makes no provision for the judgment of the court to be recorded in the deed record as a part of the chain of title, as is provided with reference to the final judgments and decrees of the circuit and chancery courts establishing title to land. Sections 1479 and 405 of the Code of 1930. Under our system of courts, the jurisdiction to make a conclusive and final adjudication of title to land rests alone with the circuit and chancery courts, and now to a limited extent with the county courts.

If it was intended as an unlawful entry and detaine.· action, title could not have been adjudicated, because it is expressly so provided in section 3471, Code 1930, which is in this language: "A judgment rendered in a suit of unlawful entry or detainer, either for the plaintiff or defendant, shall not bar any action in the circuit court between the same parties, respecting the same land; nor shall any judgment given therein be held conclusive of the facts found in any other action between the same parties."

Reversed and remanded.

## ON SUGGESTION OF ERROR.

**Griffith, J.,** delivered the opinion of the court.

Appellee has urged in his suggestion of error that our opinion in this case is in conflict with the opinion in the other recent case of Fair v. Dickerson (Miss.), 144 So. 238, 239. In the latter case, it was said: "It is true that a judgment in replevin ordinarily determines nothing more than the right of the successful party to the immediate possession of the property in question; but, when the right to possession is dependent upon title or ownership, and title or ownership is the issue upon which the decision as to the right of possession actually turns, then a judgment in replevin is as fully conclusive upon the said issue of title or ownership as would be the same determination in any other form of action or in any other court of competent jurisdiction." Applying that language, appellee says that it is true that a judgment for the plaintiff under the summary proceeding provided in section 2226 et seq., Code 1930, ordinarily determines nothing more than the right of the alleged landlord to the immediate possession of the property; yet when the right

to possession is dependent upon title or ownership and title or ownership is the issue upon which the right to possession has actually turned, then the judgment for the landlord is as fully conclusive upon the issue of title or ownership as would be the same determination in any other court of competent jurisdiction; and appellee shows that title as the basis of the recovery by the alleged landlord in this case was actually involved and was the essential basis upon which the landlord recovered his judgment in the summary proceeding aforesaid.

In the original consideration of this case, we had before us the opinion in Fair v. Dickerson. There is no doubt, as we see it, that the general rule in respect to the doctrine of res adjudicata is correctly stated in that case, and that it was properly applied to a judgment in replevin; because replevin is an ancient common-law remedy and procedure, belonging to the general jurisdiction of courts of law, although now to a large extent regulated by statute. The statutes on replevin plainly provide that when the value of the property exceeds two hundred dollars the writ shall be returnable to the circuit court; otherwise to the court of the proper justice of the peace.

But the statutory proceeding to obtain possession by an alleged landlord under section 2226, Code 1930, may be prosecuted before a justice of the peace without regard to the value of the lands involved. Under section 171, Const. 1890, it is ordained that "the jurisdiction of justices of the peace shall extend to causes in which the principal amount in controversy shall not exceed the sum of two hundred dollars." If then, as contended by appellee, the special statutory proceeding under section 2226, Code 1930, is one competent to finally and conclusively adjudge issues of title so as to make those issues res adjudicata, the section and those dependent upon it would be invalid, because attempting to vest in a justice of the peace a jurisdiction to finally adjudicate without

regard to the value of the property adjudicated upon, contrary to the constitutional limitation mentioned. In other words, if the contention of appellee that title to land may be conclusively adjudicated under section 2226, Code 1930, by a justice of the peace is maintainable, then property and the title thereto of the value of thousands of dollars in a single case may be so adjudicated by the justice of the peace; but this clearly cannot be so, under the Constitution.

The solution of the question is that the proceeding to obtain possession by the alleged landlord under section 2226, Code 1930, is not a lawsuit in the ordinary sense of that term, and is not attended by all the conclusive effects which follow a judgment in a suit or action under the general jurisdiction of a court of competent jurisdiction. It is a special proceeding in which the justice of the peace sits as a special officer, and with no further effect than to order possession. Title may be involved, but there is no adjudication of title to a conclusive effect. The proceeding is one much like the statutory proceedings by inquisition in forcible entry and detainer which is provided by statute in many of the states, under all of which, as we believe, it is held that title is not finally or conclusively adjudicated, although incidentally involved in some such cases.

We, therefore, repeat and reaffirm the sentence in our original opinion (144 So. 688, 690) in this case as follows: "Under our system of courts, the jurisdiction to make a conclusive and final adjudication of title to land rests alone with the circuit and chancery courts, and now to a limited extent with the county courts"—to which we now add that when we speak of the circuit and county courts in that sentence and in connection with the conclusive adjudication of titles to land, we refer to them in the exercise of their original jurisdiction, not when they are acting on appeal from one of these special possessory courts of a justice or justices of the peace,

802

wherein the appellate court would have only such jurisdiction as was vested in the special court from which the appeal was taken.

Suggestion of error overruled.