## McCoy v. McRae.

In Banc. Nov. 8, 1948.

(37 So. (2d) 353)

310

L. J. Broadway, for appellant.

314

W. F. Latham, for appellee.

316

**McGehee, J.**

This summary proceeding was instituted by the appellee, as plaintiff, Dr. B. J. McRae, against the appellant, as defendant, R. G. McCoy, before a Justice of the Peace, under Section 948, Code of 1942, to obtain possession of a certain residential house and lot in the Town of Quitman, Mississippi, upon the theory that the relation of landlord and tenant existed between the parties in that defendant continued in possession of the property as a tenant at will or at sufferance after the plaintiff had become the purchaser thereof at a foreclosure sale under a deed of trust executed by the defendant and his wife in favor of the plaintiff. Whether such relation existed so as to entitle the plaintiff to possession after notice given to the defendant to vacate the premises is the sole issue to be determined in such a possessory action.

A default judgment was rendered by the Justice of Peace upon an invalid service of process against the defendant and he appealed to the Circuit Court with supersedeas, where a trial was had de novo and where the Circuit Court had jurisdiction of both the subject-matter and the parties, although the Justice of the Peace had jurisdiction only of the subject-matter when the default judgment was rendered.

In the Circuit Court the case was heard before the trial judge without a jury and with the result that possession of the property was again awarded to the plaintiff, and ██ █ we do not think that the position of the defendant is well taken on this appeal when he contends that the Circuit Court was without jurisdiction by reason of the fact that the service of process on the defendant in the Justice of the Peace Court was invalid.

In the Circuit Court the defendant filed a plea (1) to the effect that the note of the defendant and his wife as secured by the deed of trust in favor of the plaintiff and which was foreclosed, bore interest at a greater rate than 20% per annum, resulting in a forfeiture of both principal and interest so as to leave no valid indebtedness due and owing to the payee in the note at the time he foreclosed such deed of trust, and (2) that the foreclosure of the deed of trust was also void because it provided for the sale to be advertised for three weeks in the local newspaper and also by posting a copy of such notice on the bulletin board at the Court House for said time, and that the trustee's deed recited only that the property had been advertised by publishing the notice in the newspaper, and failed to disclose that a notice of the sale had been posted for three weeks on the bulletin board at the Court House.

The defendant did not plead that no relation of landlord and tenant had ever existed by reason of the fact that he did not enter into possession under any agreement with the landlord, or that he had not agreed either expressively or impliedly to hold possession as a tenant at will or at sufferance during the short interval between the foreclosure and the commencement of this summary proceeding under any obligation to pay rent, but he raised this question by his proof and other testimony at the hearing before the trial judge and argues such contention here. By his pleas, he alleged the nonexistence of the relation of landord and tenant solely on the ground of usury and the alleged invalidity of the foreclosure sale.

 Since the trustee recited in his conveyance to the plaintiff as purchaser at the foreclosure sale the manner in which he advertised the property for sale, the maxim of expressio unius est exclusio alterius applies. Jones v. Frank et al., 123 Miss. 280, 85 So. 310, 311. In that case the Court held that such a recital overcame the prima facie presumption that the trustee

performed all of the acts in pais required of him, and that in order for the trustee's deed "to have been admissible in testimony, the burden of proof further rested upon the plaintiff to prove that a notice of the sale was posted at the courthouse door . . ." The defendant therefore objected to the introduction of such trustee's deed in the instant case.

In an effort to prove aliunde the recitals of the trustee's deed that the notice was actually posted on the bulletin at the Court House door for and during the time within which the sale was advertised in the newspaper, the plaintiff was asked the following question: "Did you see this notice of this trustee sale published and posted on the bulletin board at the Court House?" And he answered, "I did." This was all the testimony offered by the plaintiff to meet the burden resting upon him to show that the notice had been posted for the time required by the terms of the deed of trust and by law, the trustee being present at the trial and not having testified. Therefore, under the holding in the case of Jones v. Frank, supra, the plaintiff cannot avail himself of the prima facie presumption that the notice was posted by the trustee from, at, or about the beginning of the publication in the newspaper, since such presumption was overcome by the recitals in the trustee's deed as to how the property was advertised for sale.

Therefore, the plaintiff's proof consisting of the introduction of the note, deed of trust, and the trustee's deed, together with the foregoing question and answer was insufficient to show that he was entitled to the possession of the property involved, since the makers of the note and deed of trust were entitled to remain in possession until there had been a valid foreclosure thereof.

It is true at the bottom of the notice of the trustee's sale contained in the proof of publication, which was introduced in evidence, there was a notation underneath the trustee's signature to the notice in these

words "Posted on the bulletin board in the Court House at Quitman, Clarke County, Mississippi, this the 24th day of April, 1947". And this notation was likewise signed by the trustee. However, the proof of publication was not made a part of the trustee's deed by the terms and recitals therein set forth, and therefore this ex parte statement of the trustee, who did not testify in the trial, and which was not referred to in the trustee's deed or made a part thereof by any recital therein was incompetent as evidence, over the objection of the defendant.

And while in a summary proceeding of this kind the title of the property cannot be conclusively adjudicated under the decision of this Court, in the case of Vansant v. Dodds, 164 Miss. 787, 144 So. 688, 145 So. 613, the title is nevertheless involved to such an extent that the landlord must make at least a prima facie showing that he is entitled to the possession of the property, for otherwise the plaintiff would be permitted to recover on no showing whatever of his right to do so, or on an affirmative showing that he was not entitled to the possession of the property.

Although a person who enters into possession of property under an agreement with another, either express or implied, to occupy the same as a tenant is ordinarily estopped to deny the title of his landlord, it is stated in 51 C. J. S., Landlord and Tenant, Section 268, page 912, that "Before an estoppel will arise in favor of the landlord as against the tenant there must be a tenancy in fact, created by contract and not by an operation of law; and this relation of landlord and tenant must be shown affirmatively by the one who claims the benefit of the principle. Where the existence of the tenancy is one of the disputed questions of fact in the case, the tenant is not estopped to deny the landlord's title . . .". And again, it is stated in 51 C. J. S., Landlord and Tenant, Section 271, page 917, that "The estoppel is applicable in summary proceedings to recover the possession of the *leased* property. (Italics ours.)

However, the rule is applicable only where the relationship of landlord and tenant is admitted or established. It does not preclude the alleged tenant from showing that the relationship never existed . . .''

As was said in Vansant v. Dodds, supra [164 Miss. 787, 145 So. 614], ''under our system of courts, the jurisdiction to make a conclusive and final adjudication of title to land rests alone with the circuit and chancery courts, and now to a limited extent with the county courts''. And on suggestion of error in that case, the Court added to the above quoted sentence that ''When we speak of the circuit and county courts in that sentence and in connection with the conclusive adjudication of titles to land, we refer to them in the exercise of their original jurisdiction, not when they are acting on appeal from one of these special possessory courts of a justice or justices of the peace, wherein the appellate court would have only such jurisdiction as was vested in the special court from which the appeal was taken.'' In other words, neither the Justice of the Peace Court in the case at bar, nor the Circuit Court on appeal had any jurisdiction to make a final and conclusive adjudication of the title to this property as between the parties to this litigation, and hence we have no such jurisdiction here. Under Vansant v. Dodds, supra, nothing that we may say here would be res judicata as a conclusive adjudication of the title to the property involved.

We are also urged to hold that under the proof offered under the defendant's plea #1, on the question of usury, that the foreclosure sale was either absolutely void under the decision of Jones v. Lamensdorf, 175 Miss. 565, 167 So. 624, or that the same is voidable at the election of the defendant under the decisions in Chandlee v. Tharp, 161 Miss. 623, 137 So. 540, 78 A. L. R. 445, and Hardin v. Grenada Bank, 182 Miss. 689, 180 So. 805, for the reason that the property in question was purchased by the defendant, R. G. McCoy, from one W. E. Blair, for the sum of $4500.00, the sum of $3500.00 of which

was paid by check to the vendor by the plaintiff for the defendant, when he received from the defendant and his wife a note for the sum of $4500.00 bearing 6% interest from date and secured by the deed of trust for the said amount which was later foreclosed on the property in question. The deed was made by the seller, W. E. Blair, direct to the defendant, R. G. McCoy, at the same time of the execution of the note and deed of trust in favor of plaintiff, Dr. B. J. McRae. Both the plaintiff and the defendant testified that the additional $1000.00 included in the note on account of $3500.00 that the plaintiff had advanced to W. E. Blair for the defendant, represented a profit that the plaintiff was to receive in the transaction although the defendant also testified elsewhere in the record, in effect, that the $4500.00 note was given for the $3500.00 loan. On this issue of fact the trial judge either adopted the theory that the extra $1000.00 was intended as a profit in the transaction and not as interest, when giving a highly penal statute a strict construction, or he was of the opinion that the question of whether more than 20% interest had been charged could not be properly adjudicated in this summary proceeding. At any rate, in view of what we have already said in this opinion as to the effect of the decision in Vansant v. Dodds, supra, we deem it unnecessary to express our views on this issue for the reason that we think that this question should be adjudicated, if at all, in an appropriate proceeding in a court of competent jurisdiction to make a final and conclusive determination as to the status of the title of the property.

It is sufficient now for us to say that the plaintiff failed to meet the burden of proof to show that he is entitled to the possession of the property in this proceeding.

The cause is therefore reversed and the proceeding is dismissed without prejudice to the right of the plaintiff to re-foreclose the deed of trust, if valid, or to show, either affirmatively or defensively, in any court of com-

322

petent jurisdiction to finally adjudicate the title, that the notice of the sale was actually posted at the Court House for the time required by law; and without prejudice to any of the rights of the defendant in the premises.

Reversed and proceeding dismissed without prejudice.