## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-01073-SCT

*BILLY HUGHEY COCKRELL, CAROLYN VIRGINIA
COCKRELL AND WILLIAM JEFFREY COCKRELL,
A MINOR CHILD*

*v.*

*CITY OF SOUTHAVEN, STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/04/97 |
| TRIAL JUDGE: | HON. GEORGE C. CARLSON, JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | PRO SE |
| ATTORNEY FOR APPELLEE: | MARK SORRELL |
| NATURE OF THE CASE: | CIVIL - EMINENT DOMAIN |
| DISPOSITION: | AFFIRMED-12/31/98 |
| MOTION FOR REHEARING FILED: | 1/14/99 |
| MANDATE ISSUED: | 4/12/99 |

**BEFORE PRATHER, C.J., BANKS AND McRAE, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. Billy Hughey Cockrell, Carolyn Virginia Cockrell and William Jeffrey Cockrell appeal the September 4, 1997 judgment of the DeSoto County Circuit Court affirming the issuance of an order of removal by the County Court of DeSoto County pursuant to a judgment entered by the Special Court of Eminent Domain awarding the Cockrells just compensation for their property and vesting ownership of the property in the City of Southaven, Mississippi. Finding no merit to the assignments of error now raised, we affirm the opinion of the court below.

I.

¶2. By letter dated July 31, 1987, the Memphis-Shelby County Airport Authority's Noise Compatibility Program advised some 1,3000 households in the vicinity of the airport subject to noise levels in excess of 75 Ldn that they were eligible for relocation under a five-year $100 million Property Acquisition Program. The Cockrells were among the families affected by the program. On June 4, 1987 and December 28, 1988, they transferred title to their two lots to their infant son, William Jeffery Cockrell.

¶3. Apparently, the Airport Authority donated some fifty-nine acres of land it had acquired through the Noise Compatibility Program to the City of Southaven for use as a public park. The City then sought to acquire, through eminent domain proceedings, three remaining parcels of land which the Airport Authority

had been unable to obtain through its negotiated "buy-out" program, including the Cockrell residence, to eliminate non-conforming property usage within the designated park area. Thus, eminent domain proceedings were instituted by the City of Southaven.[1]

¶4. A jury of the Special Court of Eminent Domain awarded the Cockrells compensation and damages in the amount of $66,000 for their house at 8767 Woodbine Place in the Greenbrook Subdivision of DeSoto County, with judgment entered on March 3, 1995. The Airport's Noise Compatibility Planning Manager sent a check for $68,438.03 to the City's attorneys, payable to the Circuit Court of DeSoto County, for judgment and costs in the Cockrells' case. Although noting that their motion for a new trial or j.n.o.v. was neither timely filed nor in proper form, the Special Judge of the Special Court of Eminent Domain granted the motion on March 31, 1995 because of an unqualified juror. That order was set aside by the Special Court in an April 12, 1995 order granting the City's motion to reconsider and holding the March 3, 1995 judgment to be in full force and effect.

¶5. Subsequent to the decision of the Special Court of Eminent Domain, the Cockrells filed a series of actions in the United States District Court for the Northern District of Mississippi against the Airport, the City, the Court of Eminent Domain, and various City and Airport officials, alleging a panoply of civil rights violations. Some of these actions were dismissed on January 11, 1996, while the remaining claims were dismissed by the District Court in an opinion and order filed June 5, 1996. The District Court's various orders were appealed to the Fifth Circuit, where two of the Cockrells' appeals were dismissed[2] and in two others, the court affirmed the lower court's orders without written opinion. *Cockrell v. Memphis-Shelby County Airport Auth.,* 125 F. 3d 851 (5th Cir. 1997); *Cockrell v. Cates,* 121 F.3d 705 (5th Cir. 1997).

¶6. The City filed an Affidavit of Eviction pursuant to Miss. Code Ann. § 89-7-27 on February 7, 1996. An Order Setting Return Date of Eviction was entered nunc pro tunc September 13, 1996, with a motion hearing and trial set in County Court for October 2, 1996. The County Court, fearing a conflict in interest between the minor child and his father, appointed a guardian ad litem and attorney for him. On October 7, 1996, the County Court entered an Order of Removal, ordering the Cockrells to put the property in the possession of the City of Southaven by January 17, 1997. At the same time, an order denying the Cockrells' various motions for recusal, dismissal, summary judgment and a jury trial was entered.

¶7. The Cockrells appealed the County Court decision to the Circuit Court of DeSoto County, which, by order dated September 4, 1997, affirmed the lower court's decision and directed that court to issue a warrant of removal not before October 4, 1997, so as to allow the Cockrells time for appeal and to petition to this Court for emergency relief pursuant to M.R.A.P. 8.

II.

¶8. The Cockrells first assert that the lower courts did not have subject matter jurisdiction over 49 CFR §§ 24.101(a)(3)(A), (B) and (C), which, they contend, protects them from condemnation or eviction. Thus, they assert, "Mississippi's condemnation and eviction law must yield to federal law." They present some six pages of quotations regarding general principles of subject matter jurisdiction and the Supremacy Clause of the United States Constitution and from these disparate sources conclude that "as no Mississippi money was used to purchase the said Cockrell property then the three Mississippi courts below wholly lacked subject matter jurisdiction over 49 CFR PART A,B, C [subpart B § 24.101(a)(3)] and the final orders in each said court are void and of no effect."[3] The Appellees do not address the issue. Had the eminent

domain and eviction proceedings been brought by a federal agency, jurisdiction would have been proper in federal court. However, the City of Southaven, and not the Airport Authority, initiated the eminent domain proceedings to acquire the Cockrell property. Further, the Cockrell property was not part of the parcel acquired by the Airport pursuant to the Uniform Relocation Assistance and Real Property Acquisitions Policies Act of 1970, 42 U.S.C. § 4601, the federal law to which the Cockrells refer, and later donated to the City. The issue of whether the lower courts had jurisdiction over the federal law, therefore, is not even relevant.

## III.

¶9. The Cockrells next appear to assert that the taking of their property was a fraudulent conveyance because neither the State nor the City of Southaven had legal authority to do so because Mississippi has no geographical boundaries pursuant to Miss. Code Ann. §§ 3-3-1 and 3-3-3, which, they contend, dissolved the state boundaries and removed and dissolved the counties "within the dissolved state previously known as Mississippi." In federal court, the Cockrells alleged that the taking was unauthorized since the City of Southaven was not a municipality because it had defective charter. In his June 4, 1996 Memorandum Opinion, the District Court Judge for the United States District Court for the Northern District of Mississippi, Delta Division, noted that this issue had been addressed in that court's January 11, 1996 opinion (not made a part of this record) and found that the Cockrells had failed to state a claim upon which relief could be granted. The June 4, 1996 opinion was affirmed without written opinion by the Fifth Circuit Court of Appeals in *Cockrell v. Memphis- Shelby County Airport Authority*, 125 F.3d 851 (5th Cir. 1997). The state and federal cases brought by the Cockrells have the requisite identity of subject matter, cause of action, parties and persons so as to find that further review of the issue is precluded by the doctrine of res judicata. *Marcum v. Mississippi Valley Gas Co.*, 672 So. 2d 730, 732 (Miss. 1996). That the Cockrells have concocted a "new" legal theory upon which to base their claim of "fraudulent conveyance" does not serve to circumvent this bar. *Little v. V & G Welding Supply, Inc.*, 704 So. 2d 1336, 1338 (Miss. 1997).

## IV.

¶10. Relying on *McCoy v. McRae*, 204 Miss. 309, 37 So. 2d 353 (1948), the Cockrells next assert that the eviction proceedings brought against them were fraudulent because the City, its attorneys and the trial court "each had law knowledge that the alleged tenancy must be in fact created by Contract and not by operation of law." There is no merit to their assertion that because there was no landlord involved, "Mississippi or Southaven was not entitled to recover which was a disputed question or issue of fact for a jury to decide."

¶11. The Cockrells' reliance on *McCoy* is misplaced. In that case, a tenancy was created as a matter of law as the result of a foreclosure sale. Whether a landlord tenant relationship existed as a tenancy in fact, as in a contract, rather than by operation of law, was discussed only in the context of whether the tenant was estopped from denying the landlord's title to the property at issue. *McCoy*, 204 Miss. at 319, 37 So. 2d at 356. It has no bearing on the current controversy.

¶12. Our eminent domain statutes make no provision for holdover tenants. Once the Cockrells made it clear that they were not vacating the property pursuant to the orders of the Special Court of Eminent Domain, the City proceeded under § 89-7-27, which does not require the existence of a contract in order for a landlord to proceed against a tenant or limit its use when the landlord-tenant relationship exists as an

operation of law. There is no merit to the assignment of error.

## V.

¶13. The Cockrells were afforded a jury trial in the Special Court of Eminent Domain of DeSoto County. In addition to raising again the issue of subject matter jurisdiction, the Cockrells contend that they were entitled to a jury trial for their appeal to circuit court. However, as the circuit court found, pursuant to art. 6, § 156 of the Mississippi Constitution and Miss. Code Ann. § 11-51-79, it was sitting an appellate court and not as the court of original jurisdiction. Neither art. 3, § 31 of the Mississippi Constitution nor M.R.C.P. 38 , both of which provide for the right to a jury trial, require that that right extend to appellate proceedings. There is no merit to this assignment of error.

## VI.

¶14. The Cockrells next assert that "the Paramount Owner" of the property, their minor child, had not been paid just compensation for the property and thus could not be evicted. A check for $68,438.03, made payable to the Circuit Court of DeSoto County was deposited by the Memphis-Shelby County Airport Authority with the City's attorneys for payment of judgment and court costs in City of Southaven v. Cockrell. The record does not indicate when or whether the funds were paid to the Cockrells. However, they contend that these funds cannot be used to pay them because the Airport Authority is a foreign corporation not registered to do business in Mississippi and thus any contract made with the state of Mississippi is void. From the text of the June 4, 1996 District Court Opinion, it is apparent that the Cockrells presented the same argument against the City and the Airport Authority in federal court, alleging a conspiracy against the plaintiffs wherein the Airport Authority provided money to the City for use in the eminent domain proceedings against them. The district court's dismissal of those claims was affirmed without written opinion by the Fifth Circuit Court of Appeals in *Cockrell v. Memphis- Shelby County Airport Authority*, 125 F.3d 851 (5th Cir. 1997). As discussed *supra*, the Cockrells' introduction of a "new" legal theory upon which to base their claim that they did not receive just compensation for their property does not serve to circumvent the preclusive effect of res judicata. *Little v. V. & G. Welding Supply, Inc.*, 704 So. 2d 1336, 1338 (Miss. 1997). Notwithstanding the absence of evidence in the record that the Cockrells did not receive just compensation, the matter was resolved by its dismissal in federal court.

## VII.

¶15. The Cockrells next contend that only the chancery court had jurisdiction over their minor child, Jeffrey Cockrell, since the property at issue was in his name, and thus, the actions in the court of eminent domain as well as "the eviction court" should have dismissed the case or transferred it to chancery court. While art. 6, § 159 of the Mississippi Constitution provides the chancery court with jurisdiction over minor's business, the Legislature has the power, "as *parens patriae*, to prescribe such rules and regulations as may be proper for the management, superintendence and disposition of the property of infants, lunatics and persons who are incapable of managing their own affiars." *Louisville, New Orleans & Texas Ry. v. Blythe,* 69 Miss. 939, 947, 11 So. 111 (1892)(legislature did not exceed its authority in providing for taking of property and compensation therefore by railroad upon agreement with guardian of minor child who owns real property). Further, the Special Court of Eminent Domain, in which this case originated, is a special court sitting only to hear matters of eminent domain. There is no authority limiting its jurisdiction in those instances where the subject property is owned all or in part by a minor, nor do the Cockrells cite any.[(4)]

¶16. The Cockrells do not seriously argue the jurisdiction issue, instead devoting the bulk of this assignment of error to a diatribe against the court system. The gravamen of their argument appears to be that the courts have failed to protect citizens from "the **ESAU-EDOM-RED-DEMON of Communism,"** that the concept of eminent domain is unconstitutional, being instead the work of the Antichrist, and that their cases should have been transferred and the judges more watchful "for the Constitutional Rights of the Cockrell Family and the USA CONST. BILL OF RIGHTS ART.1 RELIGIOUS RIGHTS but favored the rich Authority instead which breached i.e. perjured their oaths of office and violated the laws of God and invoked a 'curse' upon those who violated the said laws, the sin of removing the landmark was punishable by death."(various emphases in original). This Court is to find any merit in the assignment of error.

## VIII.

¶17. The Cockrells finally argue that pursuant to *Graham v. State*, 196 Miss. 382, 17 So. 2d 210 (1944), it is the duty and obligation of this Court to determine whether we have subject matter jurisdiction in those cases where lack of subject matter jurisdiction is suggested by the record or apparent from geographical, historical or other facts.

¶18. Article 6, section 146 of the Mississippi Constitution of 1890 vests this Court with "such jurisdiction as properly belongs to a court of appeals . . . " It is thus within the purview of this Court to hear the appeal from circuit court brought by the Cockrells. There is nothing in the record to suggest otherwise nor is there any basis for us, as the Cockrells urge, to "respond in a written document and set forth with particularity the exact defined boundaries of the state [sic] of Mississippi as set forth in the Miss. Const. of 1996 [sic] and as set forth in Miss. Code Annotated MCA § 3-3-1 & § 3-3-3."[(5)]

## IX.

¶19. Finding no merit to the assignments of error raised by the Cockrells, we affirm the decision of the court below.

¶20. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. PITTMAN, P,J., NOT PARTICIPATING.**

1. Many of the facts relevant to the issues now before this Court are not contained within the record and necessarily have been taken from the parties' addenda and appendices.

2. Two appeals were dismissed by the Fifth Circuit on July 9, 1996 (#96-60099) and November 14, 1996 (#96-60477).

3. The Code of Federal Regulations section to which the Cockrells refer addresses the applicability of acquisition requirements for Uniform Relocation Assistance and Real Property Acquisition for Federal and Federally Assisted Programs as issued by the Secretary of Transportation.

4. Former Miss. Code Ann. § 11-27-9, repealed July 1, 1991, provided for notice in situations where

condemned land was owned by infant, person of unsound mind, a nonresident or deceased person, inferring that, indeed, Special Court of Eminent Domain, has jurisdiction over all matters involving eminent domain, regardless of whether the landowner had reached the age of majority.

5. While the Cockrells limit their argument about the dissolution of Mississippi's boundaries on appeal, they stated in their appeal to circuit court that:

> Mississippi is only one of numerous other states which have repealed, dissolved and deleted its state boundaries and relinquished its state sovereignty to the '**NEW WORLD ORDER'** to set up the **Ten Federal Districts** [i.e. the Ten Horns of Daniel's Revelation HolyBible, Daniel 7:7, Revelation 17:12] on Federal Zone One under the United Nations. The state boundaries of the fifty sovereign states of the United States of America must be repealed, dissolved or deleted to relinquish state sovereignty to the United NATIONS to set up ONE WORLD GOVERNMENT . . ."