406 So.2d 814 (1981)
Grady BURROUGHS
v.
STATE of Mississippi.
No. 52826.
Supreme Court of Mississippi.
December 9, 1981.
Coleman, Breard & Walker, John R. Coleman, Tupelo, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, P.J., and WALKER and BOWLING, JJ.
*815 BOWLING, Justice, for the Court:
Appellant Grady Burroughs was indicted, tried and convicted of the crime of embezzlement in the Circuit Court of Lee County. The indictment charged that appellant embezzled 14 black Angus cows that were in his possession by virtue of a trust agreement with a person named Morgan.
The facts dictating the disposition of this appeal practically are undisputed. As is frequently the case, prior to the start of the venture, hereinafter related, Morgan and appellant were friends. Morgan had a few acres of land on which he wished to place six or seven head of cattle, the small number being dictated by the fact that the land would support only that number. He asked appellant to try and find some cows. Appellant ascertained that a man named Carter had 20 cows for sale, but would not sell less than the entire number. It was decided that all would be bought. For the purchase of the cows, Morgan wrote a check payable to appellant, who in turn had his son deposit the check in his account and withdraw cash funds to pay Carter. Morgan then took six of the cows to his acreage. At the same time, it was agreed that appellant would take the remaining 14 cows to a pasture he was renting from its owner for $500 per year. In addition to the rent, appellant was to feed, look after, and otherwise perform all services necessary for the care of the cows. After the sale of the cows and deducting expenses, any profits were to be shared equally.
Within a few days after appellant carried the 14 cows to his pasture, it was ascertained that several had Bangs disease and the pasture was quarantined by the proper government agency. Two weeks after the purchase, five of the cattle that had Bangs disease were sold through the cattle auction yards. Appellant kept the records of this sale, as well as subsequent sales hereinafter described.
The remaining nine cows were kept until the latter part of the year. In the meantime, it is undisputed that the cows were what is known as "wild cows." Two of them escaped from the pasture. Appellant employed expert cow chasers, who upon finally chasing the cows in a swamp, saw them fall over dead from the race.
The remaining cows were fed by appellant with feed furnished by him. It is undisputed that in an effort to tame the cows, they were fed at a certain spot each day, which is the usual practice in such efforts. According to the undisputed proof of appellant, this did not help. The cow venture ended with appellant carrying the remaining seven cows to the sale, after two had to be caught by the same professional cow catchers. Again, he kept the records of this sale. All of which records appear in the record before this Court.
The reasons for the failure of appellant and Morgan to reach a settlement are conflicting. Morgan stated that he would request information about the cows from appellant, but that no information was received. Appellant stated that when he called Morgan after the Bangs disease was discovered in the cows, that Morgan was in a town in south Mississippi, and told appellant to handle the cows as he saw fit.
Although the record is not clear, it appears that Morgan and appellant attempted to settle the matter of the sale of the cows, but were unable to do so. The indictment followed.
Research does not reveal a case in this jurisdiction of cow embezzlement by a joint venturer. However, we find a case with practically identical facts as those in the case sub judice from the Supreme Court of Missouri in State v. Ossendorf, 357 Mo. 366, 208 S.W.2d 209 (1948). The court, after discussing the identical facts we have before us, even to the fact that the cows were black in both cases, reversed the conviction, stating that:
The general rule of law is that,
"If it appears that accused had any interest in the property jointly with another, he cannot be convicted of embezzlement with respect to such property; * * *." 29 C.J.S., Embezzlement, § 8.
"Likewise, it is the rule that a partner cannot be convicted of embezzling partnership *816 property. 18 Am.Jur. 588, Sec. 31; 29 C.J.S., Embezzlement § 16; Ex Parte Sanders, 23 Ariz. 20, 201 P. 83, 17 A.L.R. 980, Dancy v. State, 41 Tex.Cr.R. 293, 53 S.W. 886. In the case before us the state's evidence disclosed that the defendant was not a bailee of the cattle he was charged with having embezzled, but it did show that he had a material pecuniary interest in the cattle at least equal to that of the prosecuting witness.
Appellant, after conviction, filed a motion for a judgment of acquittal notwithstanding the verdict of the jury alleging mainly that the state did not prove the defendant guilty of the crime of embezzlement. We agree.
We have heretofore seen in the so-called "gray horse" case in the Supreme Court of Missouri that appellant could not be convicted of embezzlement of the cows in which he had an interest jointly with Morgan. The Court went on to say that in addition to this principle, if there was a partnership arrangement, he could not be guilty of embezzling partnership property. From the above discussions, we have seen that the 20 cows were purchased with the clear understanding that Morgan could take care of only six of them; the remaining 14 were placed solely in the possession of appellant and the record clearly shows that they were dealt with as property in which both Morgan and appellant had an interest. This Court in American Surety Co. v. Cooper, 222 Miss. 429, 76 So.2d 254 (1954), said:
"In 69 C.J.S., Partnership, § 1, p. 398, Chancellor Kent's definition of a partnership is quoted as follows: `A contract of two or more competent persons, to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss, in certain proportions.'" (76 So.2d at 257).
In 29 C.J.S., Embezzlement § 16, we find the following:
"In the absence of statutes otherwise providing, it may be stated as a general rule that partners cannot embezzle partnership funds which come into their possession, because of their joint interest or ownership therein." (Emphasis added).
In Ward v. State, 113 Miss. 22, 29, 73 So. 865 (1917), the question arose as to whether or not there was a partnership under the stated facts revealed in the case. In discussing a definition of whether or not there was a partnership, we stated: "It will be seen in the monographic note to this case that the questions of partnership turn on delicate distinctions, but we do not believe it is shown by this record."
After a thorough study of the record and the available authorities, we are forced to the conclusion that Morgan and appellant entered into a joint venture in which both had an interest with definite obligations required of appellant which gave him an interest in the cows. We believe that this venture under the peculiar facts of this case, constituted a partnership arrangement and as stated by the Supreme Court of Missouri, appellant could not be convicted of embezzling the cows in which he had an interest. Morgan certainly had and still has a cause of action for money owed or an accounting, but the criminal court cannot be used for the purpose of collecting a civil debt.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and HAWKINS, JJ., concur.