# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CT-02581-SCT

*DEBORAH CHAMPLUVIER a/k/a DEBORAH*
*MARIE CHAMPLUVIER*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 01/15/2004 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND RENDERED - 11/09/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     Upon being indicted on two counts of embezzlement from a limited liability company pursuant to Miss. Code Ann. § 97-23-19 (Rev. 2000), Deborah Champluvier was tried and found guilty by a DeSoto County jury on November 4, 2003.   At a subsequent sentencing hearing, the trial judge sentenced Champluvier to concurrent sentences of five years in the custody of the Mississippi Department of Corrections, with four and one-half years of each sentence suspended, followed by two years of house arrest pursuant to Miss. Code Ann. §§ 47-

5-1001, -1015 (Rev. 2004). Champluvier appealed her convictions and sentences to this Court, and we assigned this case to the Court of Appeals which affirmed Champluvier's convictions and sentences. Having granted Champluvier's petition for writ of certiorari, we reverse the judgments of the Court of Appeals and the circuit court and render judgment here discharging Champluvier.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2. The relevant facts of this case are very ably set out in the opinion of the Court of Appeals:

On September 18, 1998, Deborah Champluvier created Perfect Treasures Furniture, L.L.C. in Horn Lake with L.L. Ross. No one ever found a written executed operating agreement for Perfect Treasures On March 22, 1999, Ross had a stroke and later died intestate leaving his half of the business to his heirs on March 25. The State alleged that Champluvier took $6,000 of the $6,202.07 out of the operating account March 23, the day after L.L.'s stroke. Champluvier claimed that the money was to pay her back for a loan to the business.

Thomas Ross became administrator of his father's estate including acting as the liquidating trustee of L.L.'s business interests. The Chancery Court of DeSoto County entered an agreed order granting judicial dissolution, preliminary injunction and other relief on June 11, 1999, that kept a prior temporary restraining order in effect. The order found that Champluvier individually and as a member of Perfect Treasures disposed of numerous assets, inventory and proceeds from Perfect Treasures and, thus, could not carry on the business in conformity with the certificate of formation. The order also stated that Champluvier denied Ross access to the books, records, inventory, and premises to such a point as to constitute pervasive fraud and unfairness toward the membership interest of L.L. Ross.

Furthermore, the order found that Champluvier had misapplied and wasted the assets of Perfect Treasures after L.L.'s death as well as failed to pay the debts and creditors. The order required Champluvier to return all proceeds, cash, and/or checks, accounts, checkbooks, check registers, and/or other banking records or documents to Thomas Ross. Thomas testified that Champluvier never

turned any funds over to him after this order that required her to do so. After this order, Champluvier withdrew the remaining $445 dollars from a Perfect Treasures's bank account without turning it over to Thomas Ross even though the order expressly said that, "Defendant is hereby restrained from disposing of any accounts, funds, assets, inventory and/or proceeds of Perfect Treasures."

Thomas's attorney during the estate process, Barry Bridgforth, testified that he never received documentation from Champluvier to show where she loaned the company money as the order required him (sic) to. Bridgforth also testified that the check for $6000 had a date of March 22 on it, but the corresponding ledger book the check came out of had the date March 23. At first Champluvier testified in her deposition that she took the money to purchase used furniture. She never provided information as to the seller of this used furniture. Bridgforth also testified that Champluvier said that part of the money was needed because the landlord would only take cash, yet the ledger showed checks written out to the landlord that month. He also testified about the $445 dollar withdrawal from Perfect Treasure's second account that Champluvier withdrew after the hearing granting the injunction. Bridgforth further testified that Champluvier never gave the money back or tried to give the money back as required by the order. She also filed for bankruptcy to prevent the estate from collecting from her.

Champluvier originally hired Randall Pierce to represent her in this matter. However, she filed her own motions including motions that accused Pierce of forging her signature on documents and conspiring with the prosecution. She also admitted that Bill Cockrell[1] helped her with her motions but later downplayed the extent that he helped her. Pierce moved to remove himself as counsel due to the allegations but Champluvier filed a motion for the trial court to deny this request. When asked how she could want an attorney who did the things she accused Pierce of she responded, "Well, I don't know that he forged my signature. I mean I don't know that. . . I'm guessing." She also felt that the employment contract between the two should require he remain her attorney.

---

[1]Bill Cockrell, a/k/a Billy Cockrell, is no stranger to our court system, nor to the notion of pro se representation. *See, e.g.*, **Cockrell v. State**, 2005 Miss. LEXIS 816 (Miss. 2005) (per curiam affirmance); **Cockrell v. City of Southaven**, 730 So.2d 1119 (Miss. 1998); **Cockrell v. Memphis-Shelby Co. Airport Auth.**, 1996 U.S. Dist. LEXIS 21375 (N.D. Miss. 1996), *aff'd mem.*, 125 F.3d 851 (5th Cir. 1997)). The record indeed reflects that Cockrell was present at many of the court proceedings involving Champluvier's criminal charges. Champluvier's conduct at trial and her trial antics virtually mirror that of Cockrell. *See* **Cockrell**, 730 So.2d at 1121-23.

The trial court also granted Champluvier's motion to proceed in forma pauperis and appointed Jack R. Jones, III as counsel for her. However, Champluvier soon moved to have the court remove Jones as "ineffective counsel the same as no counsel" since he could not recite the entire Mississippi and United States Constitutions. When the court decided to appoint her new counsel, Clay Vanderburg, she objected to receiving new counsel and argued that Vanderburg could not serve as effective counsel after her five minute interview with him.

She later filed a motion to remove Vanderburg from the case as well that the trial court denied. The trial court urged her to use the assistance of the appointed counsel but noted that she had the right to represent herself if she chose to do so. The trial court retained Vanderburg to assist Champluvier if she chose to during the trial as her standby counsel.

Right before her trial began, Champluvier accused two different witnesses of saying derogatory comments about her close enough for the jury to hear them. The trial judge listened to April Brown and Bobbie Yates describe things they saw or overheard from Thomas Ross or A.C. Leroy Easley. No one in the jury responded that they overheard Easley and the juror who met Ross at a cigarette break said they did not discuss the case. The juror said that all Ross said concerned that his father owned a Furniture Store and that he felt he could remain impartial about the case.

Champluvier called upon her daughter, April Brown, and the store's truck driver George Friday, who both testified that she purchased $4000 worth of used furniture at the time in question. Champluvier argued that she could not act as the agent or servant of the company and also be an owner or member. Further, she argued that she could not embezzle the money because she owned it. However, the jury convicted Champluvier on both counts of embezzlement.

The trial judge also caught her lying under oath at her sentence hearing when she described selling all the merchandise in the store for her attorney bills associated with the temporary restraining order. However, the temporary restraining order came after this sale to liquidate all the merchandise in the store. Champluvier then filed her appeal with fourteen issues of error. The brief surpasses the fifty page limit for the body of briefs as given by M.R.A.P. 28(g) by topping out at seventy-five pages. Champluvier also made sure to include every possible person from the Governor of Mississippi to every member of the Mississippi Bar as "Interested Persons".

*Champluvier v. State*, 2005 Miss. Ct. App. LEXIS 1025, 2-7 (Miss. Ct. App. 2005).

¶3. From the time of her indictment and throughout the course of the various proceedings in this case, Champluvier's conduct was less than civil. Champluvier went through several attorneys, and all three circuit judges in the circuit court district of which DeSoto County is a part, eventually recused themselves. By order entered on August 4, 2003, the Chief Justice of this Court specially appointed Judge Gray Evans to preside and conduct all proceedings in this case. Throughout his involvement in this case, Judge Evans dealt patiently with Champluvier to assure that she was afforded all her rights as guaranteed by our state and federal constitutions, even though Champluvier persistently and obstinately ignored the notions of fundamental decency. In fact, Judge Evans acted with great restraint. Among the actions taken by Judge Evans when Champluvier persisted in representing herself was to advise her of her rights pursuant to URCCC 8.05 concerning pro se defendants. Not surprisingly, Champluvier, proceeding pro se, dug herself a hole before the jury, which promptly convicted her of both counts of embezzlement. Again, at the subsequent sentencing hearing, Judge Evans exercised almost unbelievable restraint, but ultimately (and understandably) held Champluvier in contempt of court for her conduct, and sentenced her to an additional ten days in the DeSoto County Jail. Notwithstanding Champluvier's conduct, Judge Evans imposed a lenient sentence, allowed Champluvier to appeal in forma pauperis, and allowed Champluvier to remain at liberty pending appeal via a $15,000 appeal bond.

**PROCEEDINGS IN THE COURT OF APPEALS**

¶4. Champluvier raised fourteen issues before the Court of Appeals, which thoroughly addressed each issue. Among the issues addressed by the Court of Appeals was the application

5

of Miss. Code Ann. § 97-23-19 (Rev. 2000). In its discussion, the Court of Appeals addressed this statute's applicability in relation to Miss. Code Ann. §§ 79-29-101 *et seq.* (Rev. 2001), commonly cited as the "Mississippi Limited Liability Company Act" (MLLCA). Champluvier argued in essence that since she was accused of stealing from an LLC, she was guilty of no crime under the provisions of section 97-23-19, which applied only to corporations and private persons. In distinguishing this Court's decision in *Burroughs v. State*, 406 So.2d 814 (Miss. 1981), and its own recent decision in *Coleman v. State*, No. 2004-KA-00346-COA, 2005 Miss. Ct. App. LEXIS 795 (Miss. Ct. App. Nov. 1, 2005),[2] the Court of Appeals rejected Champluvier's argument,[3] stating, inter alia:

> Perfect Treasures also had its own bank accounts and Federal Tax ID number and was registered with the Secretary of State's Office. Mississippi Code Annotated § 79-29-701 states, "A limited liability company interest is personal property. A member has no interest in specific limited liability company property." Thus, an LLC is treated like a corporation in that it acts as a separate individual and owns property as a separate individual. The city also granted a business license

---

[2]The Court of Appeals reversed Coleman's conviction and rendered judgment for Coleman. This Court thereafter granted the State's petition for writ of certiorari. *Coleman v. State*, 2006 Miss. LEXIS 321 (Miss. June 15, 2006). *Coleman*, which involves the same criminal statute which is before us in today's case, is still pending before this Court. *Coleman* involved charges of embezzlement of funds belonging to an unincorporated church and one of its deacons. Since *Coleman* is still pending before us, we will not discuss its merits in today's case. On the other hand, we will on occasion make a passing reference to *Coleman* for the sake of clarity in today's discussion.

[3]The majority opinion was authored by Judge Bridges and joined by four other judges. Judge Griffis wrote a separate concurring opinion, joined by two other judges. Judge Barnes wrote a dissenting opinion, joined by two other judges. Two judges joined in both the majority opinion and the separate concurring opinion. Nine of the ten judges participated in this case.

6

to Perfect Treasures and not to either Ross or Champluvier. Champluvier clearly converted funds that did not belong to her, but to Perfect Treasures.

*Champluvier v. State*, 2005 Miss. Ct. App. LEXIS 1025 at **9-10.  On this issue, the Court of Appeals concluded:

> This case clearly fits the intent of the statute to prevent someone from embezzling assets from a company that legally belongs to the company and not the individual.  The statute acts to prevent some "by virtue of his office, place, or employment" from "converting to their own use."  Since the company is not a person, this statute serves as the way to prosecute someone from fraudulently taking money from the LLC where he gained the ability as one of its members.  The statute clearly did not intend to outlaw converting funds from an incorporated company but legalize unauthorized conversion of funds from an LLC.  This would create another advantage to LLC's beyond the tax benefits to its members since the members could also embezzle all of the assets away from [the] LLC and its members without fear of retribution.  We reject this argument.

*Id.* at **10-11.

¶5.    In his separate concurring opinion, Judge Griffis, who dissented in *Coleman*, found *Coleman* to be similar to Champluvier's case, and in essence adopted and incorporated by reference his dissenting opinion in *Coleman*.    Judge Griffis found that "the proper interpretation of the term 'incorporated company,' as used in Section 97-23-19, should include all entities that are created by statute under Title 79 of the Mississippi Code Annotated, which is titled 'Corporations, Associations and Partnerships,'"and that since an LLC "is created under the Mississippi Limited Liability Company Act," which is included in Title 79, Champluvier violated section 97-23-19 and could be held criminally culpable for her actions.  *Id.* at 27-28.

¶6.    In her dissent, Judge Barnes concluded that the Legislature's "narrow and precise language in the embezzlement statute" did not include limited liability companies since

"section 97-23-19 plainly does not allow agents of unincorporated entities to be subjected to prosecution for embezzlement." *Id.* at 30-31. Finding the dissent to be right on target, we agree and thus reverse and render.

## DISCUSSION

¶7.     While the Court of Appeals was called upon to address fourteen issues asserted by Champluvier, we find one issue dispositive and thus decline to address the remaining issues. We re-state the issue for the sake of clarity in discussion.

### WHETHER MISS. CODE ANN. § 97-23-19 APPLIES TO LIMITED LIABILITY COMPANIES.

¶8.     Before the Court today is the question of whether a criminal statute which provides that certain persons may be criminally culpable for embezzling from an incorporated company or a private person likewise encompasses similar acts committed against a limited liability company. Since the interpretation of a statute is a question of law, we are required to employ a de novo standard of review. *Sykes v. State*, 757 So.2d 997, 999 (Miss. 2000) (citing *Ellis v. Anderson Tully Co.*, 727 So.2d 716, 718 (Miss. 1998)).

¶9.     Champluvier was indicted in a two-count indictment charging, inter alia, that she "did wilfully, unlawfully and feloniously, at a time when she was an agent or servant of Perfect Treasures, L.L.C., a Mississippi Limited Liability Company, embezzle, fraudulently secrete, conceal and convert to her own use . . . the personal property of Perfect Treasures, L.L.C., a Mississippi Limited Liability Company, which money had come or been entrusted to her care or possession by virtue of her office, place, and employment, in direct violation of Section 97-

8

23-19, Mississippi Code 1972 Annotated." This language was common to both counts, with count one charging the embezzlement of "approximately $6,000.00" on or about March 23, 1999, and count two charging the embezzlement of "approximately $445.64" on or about June 8, 1999.[4]

¶10. At the time these offenses were alleged to have been committed by Champluvier, Miss. Code Ann. § 97-23-19 (Rev. 2000) stated:

> If any director, agent, clerk, servant, or officer of any incorporated company, or if any trustee or factor, carrier or bailee, or any clerk, agent or servant of any private person, shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been intrusted to his care or possession by virtue of his office, place, or employment, either in mass or otherwise, he shall be guilty of embezzlement, and, upon conviction thereof, shall be imprisoned in the penitentiary not more than ten years, or fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either.[5]

---

[4]By order entered on September 25, 2003, the indictment was amended to reflect the name of the victim to be "Personal Treasures Furniture, LLC." Likewise, by order dated October 6, 2003, and entered, nunc pro tunc on October 14, 2003, the indictment was again amended to reflect the name of the defendant to be "Deborah Champluvier (a/k/a 'Deborah Marie Champluvier')."

[5]Thus the statute applicable to Champluvier provided for a defendant convicted of embezzlement to be sentenced either as a felon or a misdemeanant, in the discretion of the trial judge, regardless of the amount embezzled. However, effective July 1, 2003, this statute was amended to provide for a felony conviction if the amount embezzled was $500.00 or more, and for a misdemeanor conviction if the amount embezzled was less than $500.00. The penalty for a felony conviction under the statute is a maximum sentence of not more than ten (10) years in the state penitentiary, or a fine of not more than $10,000.00, or both; while, on the other hand, the penalty for a misdemeanor conviction under the statute is a maximum sentence of not more than six (6) months in the county jail, or a fine of not more than $1,000.00, or both. However, the 2003 amendment obviously does not apply to today's case.

9

¶11. In *May v. State*, 240 Miss. 361, 127 So.2d 423 (1961), this Court set out the elements of the embezzlement statute, Miss. Code § 2115 (Recomp. 1942), which was the predecessor statute to Miss. Code Ann. § 97-23-19. We stated:

> The constituent elements of the offense are (1) an agent or trustee of a private person,[6] (2) embezzling or converting to his own use, (3) rights in action, money, or other valuable security, effects or property of any kind, (4) which have been intrusted to his care or possession by virtue of his position or employment.

240 Miss. at 363, 127 So.2d at 425. *May* involved a charge under the statute of embezzlement by a trustee and agent of a private person. Thus, in the appropriate case, the first element, depending on the facts of the case, would state either that "a director, agent, clerk, servant, or officer of any incorporated company" had embezzled, or that "any trustee or factor, carrier or bailee, or any clerk, agent or servant of any private person" had embezzled. *See also Montgomery v. State*, 891 So.2d 179, 186-87 (Miss. 2004); *Bunkley v. State*, 495 So.2d 1, 3-4 (Miss. 1986); *Coleman*, 2005 Miss. App. LEXIS 795, **8-9 (citing May, 240 Miss. at 363, 127 So.2d at 425).

¶12. The cases are legion where we have been confronted with questions of whether the evidence in a criminal case is legally sufficient to support a conviction. We again recently addressed the sufficiency of the evidence in relation to the elements of the crime charged:

> "The motion for j.n.o.v. tests the legal sufficiency of the evidence supporting the verdict" while "the motion for a new trial is an altogether different animal." *Jesco, Inc. v. Whitehead*, 451 So. 2d 706, 713-14 (Miss. 1984) (Robertson, J.,

---

[6]In the appropriate case the word "corporation" or "incorporated company" could be substituted for the phrase "private person."

10

specially concurring). Our cases setting out the standard of review for the legal sufficiency of the evidence are legion. In *Gleeton v. State*, 716 So. 2d 1083, 1087 (Miss. 1998), we stated:

> We must, with respect to each element of the offense, consider all of the evidence - not just the evidence which supports the case for the prosecution - in the light most favorable to the verdict. The credible evidence which is consistent with the guilt [of the accused] must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
>
> *Wetz v. State,* 503 So.2d 803, 808 (Miss. 1987) (citations omitted).

716 So.2d at 1087 (quoting from *Franklin v. State*, 676 So.2d 287, 288 (Miss. 1996)). *Jones v. State*, 918 So.2d 1220, 1233-34 (Miss. 2005). *See also* *Bush v. State*, 895 So.2d 836, 843-44 (Miss. 2005); *Bunkley*, 495 So.2d at 3-4. As this Court stated in *Bunkley*:

> This process [j.n.o.v. criteria] must be applied to each element of the offense charged. Embezzlement under Miss. Code Ann. § 97-23-19 (1972), requires proof of the identity of the "incorporated company" whose goods and money the accused has embezzled. The statute further requires proof that the defendant was a "director, agent, clerk, servant or officer" of that incorporated company.

*Id*. at 3-4 (footnote omitted). Thus, in any embezzlement prosecution under section 97-23-19, the State is required to prove the identity of the "incorporated company," or the "private person," as the case may be.

¶13. In her dissent in today's case, Judge Barnes provided this analysis:

In the present case, we are again confronted with the task of determining whether section 97-23-19 allows an agent of an unincorporated body to be convicted of embezzlement. The majority holds that because LLCs and corporations share many similarities, the statute should apply to agents of LLCs as well as to agents of [corporations]. Once again, the plain language of the statute does not permit this result. An LLC, by definition, is not an incorporated company, and regardless of the similarities between the two types of entities, the terms are not interchangeable. In fact, Mississippi Code Annotated section 79-29-104(1)(d) (Rev. 2001) specifically prohibits an LLC from using the words "corporation" or "incorporated" in its name.

The legislature surely had some reason for employing such narrow and precise language in the embezzlement statute. The legislature, in its prerogative, certainly could have altered the statute to take into account more modern business entities, had it desired. The fact that the statute is not written more broadly should not be written off as legislative acquiescence, as the legislature had the opportunity to re-examine section 97-23-19 when it amended the statute in 2003. The legislature made no amendment broadening the business entities to which the statute applies, and we should not do so judicially.

Both the dissent in **Coleman** and the concurrence in the present case argue that any entity created under Title 79 of the Mississippi Code should be construed as an "incorporated company" for the purposes of section 97-23-19. However, because the language in section 97-23-19 is clear and precise, I believe that looking beyond the plain text of the statute is inappropriate. *See* **Heard** 151 So.2d at 420 (stating that this Court will not resort to canons of statutory construction when the statute in question is clear and unambiguous).[7]

2005 Miss. Ct. App. LEXIS 1025, at 29-31.[8]

---

[7]**State v. Heard**, 246 Miss. 774, 151 So.2d 417 (Miss. 1963).

[8]While the Court of Appeals' majority opinion in **Champluvier**, attempts to distinguish our decision in **Burroughs**, Judge Barnes makes no mention of **Burroughs** in her dissenting opinion. Likewise, while the facts in **Burroughs**, a cow embezzlement case, provide some interesting reading, our disposition in today's case does not require a discussion of joint venture.

¶14. That dissent drives home several points critical to the disposition of today's case. Pursuant to **State v. Heard**, 246 Miss. at 781, 151 So.2d at 420, the plain and unambiguous language of section 97-23-19 simply obviates any requirement to apply the rules of statutory construction. *See also* **Sykes**, 757 So.2d at 1000 (citing **Miss. Power Co. v. Jones**, 369 So.2d 1381, 1388 (Miss. 1979)). The current section 97-23-19 and its predecessors have been a part of our code in some shape or form at least since Hutchinson's 1848 Code. The current Mississippi Limited Liability Company Act, Miss. Code Ann. §§ 79-29-101, et seq. (Rev. 2001), was enacted by the Legislature effective July 1, 1994. The Legislature, as recently as 2003, amended section 97-23-19, and thus was presented with a golden opportunity, if it chose to do so, to further revise this statute to include the "more modern business entities," such as limited liability companies, limited partnerships, professional corporations, professional associations, and the like. The Legislature, in its wisdom, chose not to do so, and, we should thus not breathe life into imaginary entities which are nowhere to be found in section 97-23-19. Stated differently, we should not be about the business today of reading and construing a criminal statute and a civil statute in pari materia to determine if Champluvier is guilty of a crime.[9]

---

[9]Also, this Court rejects the notion that "incorporated company" refers to any entity other than a corporation. Miss. Code Ann. § 79-29-103(j) states:

> "Limited liability company" and "domestic limited liability company" mean an entity having one or more members that is an unincorporated association that is formed and existing under this chapter."

Miss. Code Ann. § 79-29-103(j) (Rev. 2001). The Legislature has specifically defined a limited liability company as an *unincorporated* association. Therefore, adhering to our precedent in **State v. Heard**, this Court must literally interpret the term "incorporated

13

¶15. In the recent case of **Trainer v. State**, 930 So.2d 373 (Miss. 2006), this Court affirmed the trial court's dismissal of a suit commenced by an individual who claimed that his video game machines were wrongly seized by law enforcement officials as illegal gambling machines. Trainer challenged the constitutionality of the criminal statutes under which he had been arrested and his gaming machines had been seized. *See* Miss. Code Ann. §§ 97-33-7, -17. Trainer invited us to consider the criminal statutes in conjunction with certain civil statutes and Mississippi Gaming Commission regulations to conclude that the criminal statutes were unconstitutional in their application and unconstitutionally vague. We declined Trainer's invitation and instead determined that the answers to the issues before us were clearly found in the criminal statutes, thus requiring no examination of the civil statutes and regulations in conjunction with the criminal statutes. 930 So.2d at 379-81.

¶16. Pursuant to URCCC 7.06, all defendants facing felony criminal charges in this state, no matter who they are, or how reprehensible their conduct in court, are entitled to an indictment which sets out, inter alia, "a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify [them] of the nature and cause of the accusation." In today's case, Champluvier was charged by a grand jury indictment with embezzling funds from a limited liability company in violation of section 97-23-19. Consistent with URCCC 7.06, and our case law, no defendant should be charged with the responsibility of going beyond the clear language of an embezzlement indictment and perusing

company" to exclude limited liability company. If the Legislature intended to include limited liability companies in Miss. Code Ann. § 97-23-19, then it may amend the statute.

14

the civil statutes of this state to determine if an entity specified in Title 79 of the Mississippi Code Annotated can be classified as an "incorporated company" or a "private person" so as to be subjected to criminal culpability under section 97-23-19.

¶17. In the end, for the reasons stated, we conclude that a limited liability company such as existed between Deborah Champluvier and L.L. Ross, is not encompassed within the language of section 97-23-19, as currently written, providing for a felony conviction upon embezzlement of certain therein described property belonging to an incorporated company or a private person. If the Legislature should determine it is appropriate to amend section 97-23-19 so as to include any or all of the entities described in Title 79 of the Mississippi Code Annotated, the Legislature no doubt possesses the prerogative to do so. We are not about the business of legislating. Therefore, we find that the State, admittedly confronted with an impossible task, did not present legally sufficient evidence which would support a guilty verdict against Champluvier, on each and every element of the crime of embezzlement as set out in section 97-23-19. *Jones*, 918 So.2d at 1233-34 (citing *Gleeton*, 716 So.2d at 1087)).

¶18. Because of our disposition on this issue, we find that the remaining issues raised by Champluvier before the Court of Appeals need not be discussed.

## CONCLUSION

¶19. The State of Mississippi did not prove beyond a reasonable doubt that Deborah Champluvier, a/k/a Deborah Marie Champluvier, was guilty of each and every element of the crime of embezzlement as set out in Miss. Code Ann. § 97-23-19 (Rev. 2000). For these reasons, we reverse the judgments of the Court of Appeals and the DeSoto County Circuit

Court and render judgment here in favor of Deborah Champluvier, a/k/a Deborah Marie Champluiver, who is thus discharged.

¶20.    **REVERSED AND RENDERED.**

**SMITH, C.J., WALLER, P.J., DIAZ, GRAVES AND DICKINSON, JJ., CONCUR. COBB, P.J., CONCURS IN PART AND IN RESULT WITHOUT SEPARATE WRITTEN OPINION.    RANDOLPH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY EASLEY, J.**

**RANDOLPH, JUSTICE, DISSENTING:**

¶21.    The majority declares that "the plain and unambiguous language of [Miss. Code Ann.] Section 97-23-19 simply obviates any requirement to apply the rules of statutory construction." Having correctly identified the standard, the majority then fails to follow its own instruction. The hyper captious analysis found in the Court of Appeals dissent and adopted by the majority, defeats the very purpose and intent of the legislative act and subverts the plain language of Miss. Code Ann. Sect. 97-23-19.

¶22.    The Court of Appeals majority held, "This case clearly fits the intent of the statute to prevent someone from embezzling assets from a company that legally belongs to the company and not the individual." *Champluvier v. State,* 2005 Miss. App. LEXIS 1025, *10 (Miss. Ct. App. 2005). The Court of Appeals majority opinion presents a logical, practical and reasoned application of a LLC as a business entity under Title 79, Chapter 29 of the Mississippi Code. For those who reject the path taken by the Court of Appeals to its conclusion, I offer a separate path which leads the defendant to the same destination. Accordingly, I agree with the judgment of the Court of Appeals, and in support thereof, I offer the following analysis.

16

¶23.    Miss. Code Ann. Sect. 79-29-701 states, "A limited liability company interest is personal property. A member has no interest in specific limited liability company property." A group of persons, *members,* make up a limited liability company. Miss. Code Ann. Sect. 79-29-103(n) defines member as, "a *person* that has been admitted to a limited liability company as provided in Section 79-29-301...." (Emphasis added). Members of a LLC are individual persons united for a common purpose.

¶24.    We are required to utilize legislative guidelines set forth in the Code to assist us in interpreting statutes. Miss. Code Ann. Sect. 1-3-1 states, "This chapter is applicable to every statute unless its general object, or the context of language construed, or other provisions of law indicate that a different meaning or application was intended from that required by this chapter." Further, Miss. Code Ann. Sect. 1-3-65 instructs, "All words and phrases contained in the statutes are used according to their common and ordinary acceptation and meaning; but technical words and phrases according to their technical meaning." Miss. Code Ann. Sect. 97-23-19 fails to declare that a "private person" is to be used only in the singular. "Words used in the singular number only, either as descriptive of persons or things, shall extend to and embrace the plural number; and words used in the plural number shall extend to and embrace the singular number, except where a contrary intention is manifest." Miss. Code Ann. § 1-3-33. In this matter, no contrary intent was manifest.

¶25.    Champluvier had, as all members of a LLC have to each other, a fiduciary duty to the LLC and the respective individual members thereof. Members have a right to repose trust upon another member acting in a fiduciary capacity, *i.e.,* a trustee. Miss. Code Ann. Sect. 97-23-19

17

specifically provides "any trustee" shall not embezzle from any private person(s), *i.e.,* members of a LLC.

¶26.     Thus, Champluvier embezzled from a private person. The majority's conclusion that the members of a limited liability company, (where personal property, *i.e.,* their interest in the LLC, has vanished through a criminal act), are not "private persons" leaves society with a paradoxical result: a defendant who stole money, yet according to the majority, did not commit a crime. This result eviscerates the legislative intent and purpose of Miss. Code Ann. Sect. 97-23-19. Therefore, I must respectfully dissent.

**EASLEY, J., JOINS THIS OPINION.**