# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-IA-01669-SCT

*HOWARD CATER, II*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/13/2007 |
| TRIAL JUDGE: | HON. LILLIE BLACKMON SANDERS |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY D. BLALOCK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: CHARLES W. MARIS, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED - 03/19/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., DICKINSON AND KITCHENS, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Howard Cater II allegedly defrauded Camco Investments, a Mississippi Limited Liability Company.  He was indicted for receiving money under false pretenses in violation of Mississippi Code Annotated Section 97-19-39 (Rev. 2006).  Cater filed a motion to quash the indictment, arguing that the term "person" in Section 97-19-39 did not apply to a limited liability company.  The trial court denied Cater's motion to quash, and this Court granted his petition for interlocutory appeal.  Finding no error, we affirm.

## FACTS[1]

¶2. Howard Cater II and his friend C.F. Pegues, both residents of Memphis, Tennessee, developed a business plan to purchase repossessed automobiles, repair them, and sell them at a profit. Cane Callon, managing partner of Camco Investments, a Mississippi Limited Liability Corporation, entered into an agreement with Cater whereby Camco financed $110,000 toward the purchase of the automobiles. Camco wired the money to Cater's personal bank account. After Camco learned about some misappropriation of funds, it demanded that Cater and Pegues repay the money plus interest.[2] When Cater failed to pay the debt in full, Camco filed a civil suit in the Circuit Court of Adams County.[3] Camco later filed criminal charges against Cater in the same court.[4]

¶3. On September 12, 2006, Cater was indicted for receiving money under false pretenses in violation of Mississippi Code Annotated Section 97-19-39 (Rev. 2006). Cater filed a motion to quash the indictment and an amended motion to quash the indictment based on a lack of jurisdiction[5] and that Camco is not a "person" under Section 97-19-39. On September 18, 2007, the trial court denied Cater's motion to quash. Cater then filed a petition for

---

[1] Due to the limited record, the facts of this case are drawn mostly from the parties' briefs.

[2] The State submits that Cater began writing checks unrelated to his business. Cater maintains that Pegues is responsible for misappropriating the funds.

[3] It is unclear from the record whether this civil suit is still pending.

[4] According to Cater, Camco previously filed criminal charges against him in DeSoto County, but the charges were dismissed.

[5] Cater asserts that all of the alleged criminal acts occurred in Memphis, Tennessee.

interlocutory appeal, which this Court granted. He raises one issue before this Court: whether a limited liability company is considered a "person" under Missisissippi Code Section 97-19-39 (Rev. 2006).

## DISCUSSION

**Whether a limited liability company is a "person" under Mississippi Code Section 97-19-39 (Rev. 2006).**

¶4. This Court applies a de novo standard of review to questions of law. *E.g.*, ***Windham v. Latco of Miss., Inc.***, 972 So. 2d 608, 610 (Miss. 2008).

¶5. Section 97-19-39(2) states, in pertinent part, that:

> Every person, who with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by another false pretense, obtain the signature of *any person* to any written instrument, or obtain from *any person* any money, personal property, or valuable thing, with a value of Five Hundred Dollars ($ 500.00) or more, upon conviction thereof shall be guilty of a felony and punished by imprisonment in the State Penitentiary not exceeding ten (10) years, and by a fine not exceeding Ten Thousand Dollars ($ 10,000.00).

Miss. Code Ann. § 97-19-39(2) (Rev. 2006) (emphasis added).

¶6. Cater contends that he did not violate Section 97-19-39(2) because a limited liability company is not considered a "person" under the statute. He relies primarily upon ***Champluvier v. State***, 942 So. 2d 145 (Miss. 2006) for support.

¶7. In ***Champluvier***, this Court held that an agent who stole money from a limited liability company was improperly convicted for embezzlement under Mississippi Code Annotated Section 97-23-19 (Rev. 2000) because a limited liability company was neither an "incorporated company" nor a "private person." ***Champluvier***, 942 So. 2d at 154; *see also* ***Coleman v. State***, 947 So. 2d 878 (Miss. 2006) (defendant was improperly convicted for

3

embezzlement under Section 97-23-19 because a church is not an "incorporated company" or a "private person").[6] At the time *Champluvier* was decided, Section 97-23-19 applied only if a "director, agent, clerk, servant, or officer of any *incorporated company*" or "trustee or factor, carrier or bailee, or any clerk, agent or servant of any *private person*" had embezzled funds. Miss. Code Ann. § 97-23-19 (Rev. 2000) (emphasis added).

¶8.     Cater's reliance on *Champluvier* is misplaced because it concerned a different statute with distinct terms. *Champluvier* specifically construed "incorporated company" and "private person," terms which are not found in Section 97-19-39. *Champluvier*, 942 So. 2d at 150-54; Miss. Code Ann. § 97-19-39 (Rev. 2006). Section 97-19-39 refers simply to "person[s]." Miss. Code Ann. § 97-19-39(2) (Rev. 2006). Under Mississippi law, the term "person" applies to artificial as well as natural persons. Miss. Code Ann. § 1-3-39 (Rev. 2005). Limited liability companies are considered to be artificial persons. *Coleman*, 947 So.

---

[6] At the time *Champluvier* and *Coleman* was decided, Mississippi Code Section 97-23-19 (Rev. 2000) stated, in pertinent part, that:

> If any director, agent, clerk, servant, or officer of any incorporated company, or if any trustee or factor, carrier or bailee, or any clerk, agent or servant of any private person, shall embezzle or fraudulently secrete, conceal, or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods, rights in action, money, or other valuable security, effects, or property of any kind or description which shall have come or been intrusted to his care or possession by virtue of his office, place, or employment, either in mass or otherwise, he shall be guilty of embezzlement
> . . . .

Miss. Code Ann. § 97-23-19 (Rev. 2000).

Section 97-23-19 was amended in 2007 to substitute "person" in place of "director, agent, clerk, servant, or officer of any incorporated company, or if any trustee or factor, carrier or bailee, or any clerk, agent or servant of any private." 2007 Miss. Laws 378.

4

2d at 882. Therefore, "person" under Section 97-19-39 encompasses limited liability companies.

CONCLUSION

¶9.     Because a limited liability company is a "person" under Mississippi Code Section 97-19-39 (Rev. 2006), we affirm the trial court's denial of Cater's motion to quash and remand this case to the trial court for further proceedings.

¶10.     **AFFIRMED AND REMANDED.**

**CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**